## Eli K. W. Ross *v.* Elizabeth Ross and another.

A defendant, interrogated as to whether she had refused to pay the note sued on, may add to her answer stating that she had so refused, the reasons which induced her to do so. A party interrogated as to a particular fact, may state other facts qualifying the answer he is called on to make, provided they be closely linked to that about which he was questioned. C. P. 353.

Where a defendant in an action on a promissory note alleges in his answer that the note was obtained by the plaintiff by fraud and deception, that he signed it only as surety, and that it was to have been signed by two or three other persons, evidence is admissible to prove that he signed it as such, and that it was to have been signed by others as alleged.

A written promise to pay a certain rate of interest, signed by a married woman, without her husband's consent, is of no validity (C. C. 124, 127), nor can it serve as the consideration of any subsequent obligation.

Appeal from the District Court of Ouachita, *Willson,* J.

*McGuire,* for the appellant.

*S. W. Downs* and *Garrett,* for the defendants.

Simon, J. The plaintiff seeks to recover the amount of a promissory note, alleged to have subscribed, *in solido,* by the defendants. The note was executed on the first of May, 1841, and appears to have been signed by Elizabeth Ross (a married woman,) and by J. B. Davenport. At the foot of the petition, the following interrogatories were propounded to the defendant, E.

---

Ross, to wit: 1st, Has not the note here sued on been demanded from you, before the suit was instituted? and 2d, Did you not refuse to pay the same?

The defendant Elizabeth Ross filed an answer, in which, after having pleaded the general issue and denied specially her being in any manner indebted to the plaintiff, she avers that the note sued on was signed by her in consequence of the threats and misrepresentations of the plaintiff, and that her co-defendant is only her surety. She represents that she was heretofore tutrix of the plaintiff's wife; and that, at the time the note was given, the plaintiff came to her, and represented that she was indebted to his wife in a much larger sum than was really due, that he could and would have an execution issued immediately; giving a detailed statement of the circumstances, under which she alleges the note sued on to have been given, purporting to amount to fraud and deception on the part of said plaintiff in obtaining her signature to the note. Her co-defendant, Davenport, joined in the defence, alleging that he is only surety on said note.

At the following term of the District Court, the defendant Davenport obtained leave to file a supplemental answer, in which, after averring that there was no consideration given for the debt sued on, he proceeds to give a statement of circumstances going to show the want of consideration, and finally states that it was well understood that he was to sign said note as surety, and not as principal obligor, and that three other persons were to sign as his joint sureties, who were known to the plaintiff, &c.

The defendant Elizabeth Ross answered the plaintiff's interrogatories, as follows:

To the first, her answer is in the affirmative. In reply to the second, she says: "I did refuse to pay said note, because the same was given in error, through the misrepresentation made by you, and without any consideration. I never owed you any thing; you took advantage of my ignorance of the law and facts in the case, and represented to me that you could and would send the sheriff immediately to seize my property, to satisfy a balance said to be due by me to your wife, of whom I had been

tutrix; and, also, at the same time, held out as an inducement, that you would wait with me until the crop of cotton of 1841 was made and gathered, before you forced the collection of the debt, if I would give you the note sued on ; in all which you deceived me. You had then no legal means of having my property seized by the sheriff, as you pretended. You did not wait until the time elapsed, but, some time before the delay expired, means were taken, under your instructions, to obtain an execution against my property, and I have fully settled the amount which I owed your wife, of whom I had been tutrix, and I never owed you personally any thing. Further, you represented the amount due your wife as much larger than it really was ;" &c.

This case was tried by a jury, before whom the merits of the matters in controversy were fully investigated, and who returned a verdict in favor of the defendant ; and the judge *a quo* having made said verdict the basis of his judgment, after overruling the plaintiff's application for a new trial, the latter took this appeal.

The first object of our inquiry grows out of a bill of exceptions taken to the opinion of the district judge, overruling the plaintiff's motion to strike out that part of the defendant Elizabeth Ross's answer to the second interrogatory, after the expressions " I did refuse to pay said note ;" and it is contended, that the judge improperly permitted it to remain as part of the record, and of the evidence on which the case was tried.

We think the judge *a quo* did not err. The defendant Ross was interrogated upon the fact of her having refused to pay the note sued on. This refusal was considered by the plaintiff as a material circumstance, necessary to be established in order to sustain his action ; and, under art. 353 of the Code of Practice, the party interrogated had a right to state other facts tending to her defence, provided they be closely linked to the fact on which she had been questioned. Here, the object of the defendants' further answers was to give the reasons which had induced her to refuse to pay the note ; those reasons are necessarily connected with the fact of refusal, and we cannot see any good cause why they should have been rejected. The defendant had the right to qualify the answer she was called on to make, by setting forth

facts which prevented, or gave less weight to the consequence of an absolute and unqualified answer. 11 Mart. 221. 1 Ib. N. S. 382. 2 Ib. N. S. 143. 6 Ib. 569. 1 La. 195.

The record contains another bill of exceptions taken to the opinion of the district judge, permitting the defendant Davenport, to prove by witnesses that he was only surety on the note sued on, and that said note was to be signed by two or three other persons. Under the allegations of fraud and deception set up in the answers of both defendants, the evidence was, perhaps, legally introduced; but we do not consider this part of the defence material to its success, except so far as to show the fraud alleged in connection with the other facts of the case; for whether the defendant Davenport be bound as surety only, or as principal obligor, his liability on either one of these obligations depending principally on the alleged want of consideration, it is clear that he must be discharged, if the fact of want of consideration is sufficiently made out. We think, however, that the parol proof was properly admitted under the allegations.

On the merits of the case, we are of opinion that the verdict of the jury is fully sustained by the evidence. The testimony adduced on the trial supports the answers of Elizabeth Ross to the interrogatories. The plaintiff did not wait as he had agreed to do, as he instituted his action against her, and would have issued his execution before the time expired. The defendant Ross has fully settled with the plaintiff's wife, who transferred her claim to her co-heir, who obtained a judgment against the tutrix, *being the balance due on final settlement by said tutrix to plaintiff's wife.* This judgment was signed on the 24th February, 1842, closing all transactions in relation to the tutorship, in consequence of which her bond was released, and this suit was brought on the 16th of March, 1842. Furthermore, the record contains a certain document signed by Elizabeth Ross alone, without the authorization of her husband, purporting to be a promise to pay ten per cent interest on the amount which should be subsequently found to be due on settlement by the tutrix to the plaintiff's wife, said amount being to remain in said tutrix's hands until the 1st of March, 1841. This document, dated November, 1839, appears to be the origin of the claim sued on;

and its contents were the consideration, as we are induced to believe from the evidence, of the note which the defendants say was consented to and signed in error. If this be true, and the plaintiff has not attempted to account for the consideration of the note in any other manner, we must say that the note sued on was given without any legal consideration. The promise to pay interest is signed by the defendant Elizabeth, without her husband's consent. She was a married woman, and it is clear that she could not validly contract without the authorization of her husband. Civil Code, arts. 124, 127. If so, this document could not legally serve as the basis of the consideration of a subsequent obligation contracted in the same manner. It was illegal in its origin, and the defendants are not bound by it. We think that the allegations set forth in the defendants' answers have been satisfactorily made out, and that the jury was fully warranted in discharging them.

*Judgment affirmed.*